UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

VICTOR TAGLE,

Plaintiff,

v.

STATE OF NEVADA, *et al.*,

Defendants.

Case No. 3:18-cv-00519-MMD-CBC

ORDER

## I. DISCUSSION

*Pro se* Plaintiff, a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), is being housed at a private prison in Arizona. Plaintiff has submitted a document to the Court entitled "tort action *Bivens*" and an application to proceed *in forma pauperis*. (ECF Nos. 1, 1-1.) However, on at least three occasions, the Court has dismissed civil actions commenced by Plaintiff while in detention as malicious or for failure to state a claim upon which any relief may be granted.[1]

Pursuant to 28 U.S.C. § 1915(g), "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed *in forma pauperis* and, instead, must pay the full $400.00 filing fee in advance unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In his "tort action *Bivens*," Plaintiff sues various NDOC employees, deputy attorney generals, and judges for various actions that took place in 2016 while Plaintiff was

---

[1] *See Tagle v. State of Nevada et al*, 2:15-cv-02083-RCJ-GWF (dismissed for failure to state a claim); *Tagle v. State of Nevada et al*, 2:15-cv-02358-MMD-PAL (dismissed for maliciousness and failure to state a claim); and *Tagle v. State of Nevada et al*, 2:16-cv-00852-JAD-VCF (dismissed for maliciousness and failure to state a claim). The Ninth Circuit Court of Appeals has affirmed Plaintiff's three-strikes status. *See Tagle v. Core Civic America et al.*, 2:18-cv-00544-JAD-NJK at ECF No. 31. The Court takes judicial notice of its prior records in the above matters.

incarcerated in Nevada. (*See generally* ECF No. 1-1.) However, after reviewing these allegations, the Court finds that Plaintiff fails to plausibly allege he is in imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (holding that the exception to § 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced imminent danger of serious physical injury at the time of filing). As such, Plaintiff must pre-pay the $400.00 filing fee in full.

**II.  CONCLUSION**

It is therefore ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is denied.

It is further ordered that this action will be dismissed without prejudice unless Plaintiff pays the $400.00 filing fee in full within thirty days from the date of entry of this order.

It is further ordered that the Clerk of Court will send Plaintiff two copies of this order. Plaintiff must make the necessary arrangements to have one copy of this order attached to the check he must submit if he decides to pay the filing fee.

It is further ordered that the Clerk of the Court will retain the "tort action *Bivens*" (ECF No. 1-1) but shall not file the document until the matter of the filing fee is resolved.

DATED THIS 26th day of December 2018.

---
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE